UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIKA C. OSMAN, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. 4:21-CV-334 NAB |
| KILOLO KIJAKAZI[1], Commissioner of Social Security, | ) ) ) ) |
|     Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Danika Osman's appeal regarding the denial of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 9.) The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I.  Background**

On July 11, 2018, Osman applied for SSI, alleging that she had been unable to work due to disability since December 18, 2014. (Tr. 10, 196.) This alleged onset date coincided with a prior application for disability insurance benefits that was denied on July 2, 2018. (Tr. 10.) On March

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

18, 2020, Osman amended her alleged onset date to July 11, 2018. (Tr. 31, 172.) Osman alleged disability due to a right hip injury, osteoarthritis, scoliosis, traumatic brain injury, neck fractures, pelvic fractures, lymphedema, lumbar nerve root disorder, pelvic floor dysfunction, and depression and anxiety. (Tr. 196.) Her application was initially denied and she filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 96, 106.) On May 6, 2020, the ALJ held a hearing on Osman's claim. (Tr. 29-58.) Osman was represented by counsel at the hearing, and an impartial vocational expert testified. *Id.*

In a decision issued on July 17, 2020, the ALJ found Osman was not disabled as defined in the Act from the alleged onset date through the date of the decision. (Tr. 25.) On September 10, 2020, Osman filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council. (Tr. 154-56.) On February 3, 2021, the Appeals Council denied Osman's request for review, and adopted the ALJ's decision in full. (Tr. 1-4.)

**II.     Standard for Determining Disability Under the Act**

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. § 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 416.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work. 20 C.F.R. § 416.920(a)(4)(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 416.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 416.1520(a)(4)(v).

**III.    The ALJ's Decision**

Applying the foregoing five-step analysis, the ALJ here found that Osman has not engaged in substantial gainful activity since July 11, 2018, the amended alleged onset date. (Tr. 13.) Next, the ALJ found that Osman has the following severe impairments: status post remote hip fracture with recent repair of gluteus medius times two and iliotibial band defect times one, depression, and anxiety. (Tr. 13.) The ALJ found that Osman's gastroesophageal reflux disease (GERD), hypertension, and resolved leukocytosis are not severe medical impairments. (Tr. 13.)

The ALJ determined that Osman did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. The ALJ also determined that Osman had the residual functional capacity to perform sedentary work with additional limitations:

> no climbing of ladders, ropes, or scaffolds, no climbing of ramps and stairs, no stooping, no kneeling, no crouching, and no crawling. Stooping is okay when necessary for sitting. She should avoid jobs that exposes [sic] her to whole body vibration. She can perform no work at unprotected, dangerous heights or around unprotected, dangerous machinery. She can perform no operation of foot controls with the right lower extremity and only occasionally with the left lower extremity. The claimant is limited to simple, repetitive work with only occasional changes in work routines and settings that do not require close interaction with the public or coworkers, and interaction with supervisors for that necessary to perform simple, repetitive work with only occasional changes in work settings and routines.

(Tr. 16.) The ALJ found that Osman was unable to perform any past relevant work. (Tr. 23.) Osman was 28 years old on the amended alleged disability onset date and considered a younger individual age 18-44, and she has at least a high school education and is able to communicate in English. The ALJ determined that the transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. (Tr. 23.) Based on the foregoing, the ALJ found that there are jobs that exist in significant numbers in the national economy that Osman can perform, including addresser (Dictionary of Occupational Titles (DOT) No. 209.587-010, sedentary exertion level, approximately 3,024 jobs in the national economy), document preparer (DOT No. 249.587-018, sedentary exertion level, approximately 19,150 jobs in the national economy), and press clipping cutter/paster (DOT No. 249.587-014, sedentary exertion level, approximately 11,755 jobs in the national economy). (Tr. 24.) Therefore, the ALJ concluded that Osman was not disabled, as defined in the Act, from July 11, 2018 through July 17 2020. (Tr. 25.)

4

## IV.     Standard for Judicial Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings,

5

the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V. Discussion

Osman challenges the ALJ's decision, asserting that the ALJ did not properly consider the opinion evidence. Specifically, Osman argues that the ALJ's finding that Dr. Crist's opinion was unpersuasive was not supported by substantial evidence, and that the ALJ's finding that Dr. Schmitter's opinion was persuasive was not supported by the record. Defendant argues that the ALJ properly evaluated the opinion evidence in a manner consistent with the SSA's regulations and policies, and included all supported limitations in the RFC, and substantial evidence supports the ALJ's determination.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record, and for the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI. Conclusion

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. (Docs. 1, 26.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED.**

                                                                                         _____
                                                                                         NANNETTE A. BAKER
                                                                                         UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of September, 2022.

7